AN attachment wás sued oiit by Shaffer against Meggs |s an absconding debtor, which was returnable to the May term 1804, of the Mercer circuit court; and fur-filer directed the sheriff to summon Arthur Thompson as a garnishee; The sheriff’s return was “ Executed on Arthur Thompson^ no property found.”
At that term Meggs entered special bail; appeared by attorney, and on his motion the cause was remanded to the rules. At the May ánd June rules the cause was continued. At the July rules the plaintiff, by his attorney, filed his declaration ; the defendant, by his attorneys put in the plea of payment; to ■which there was a replication and issue tafeen ort this plea. The record of that rule day then contains at length the plea that the' d efendant did not abácond, &c. and also the plea that the effe cts in Thompson’s hands were not the property the defendant. Both of these pleas were put in without *66 affidavit, and by attorney. No further notice appears to be taken of them in the record : but at the next term the same pleas are filed in court, in the same manner, to which the plaintiff demurred generally, and the defendant joined in demurrer.
The court sustained the demurrer, and overruled the pleas: and a jury being sworn to try the issue joined* found for the plaintiff ; and judgment was given accordingly. Meggs brought his writ of error, and assigned for error the overruling his pleas.
The Court affirmed the judgment-*

 The reporter has heard this cafe cited by gentlemen of the bar, to prove that the defendant in an attachment could not, after appearing and giving ipe-Vral baii, put in the plea that he did not abfcond : but it appears to him to decide only that this plea cannot be put in after a flea to the afiisv* Both of the fpecial pleas filed by the defendant, were pleas in abatement ; and came too late for the defendant to avail himfelf of the benefit of them — See Co. Lit. 303, 5 Bac. Ab. (Gwil. ed.) 327, 1 Ibid 26, Caf. Tem. Hardw. 135.
In the cafe of Boone vs. Wynkoop in the fupreme court for the diftriél of Kentucky, in March 1789, that court decided that the plea that the defendant did not abfcond, &c. was a proper one, and might be put in after giving fpecial bail — See Muter’s MSS. Rep.